Mary Mercadante, Respondent, *v.* The Manhattan Railway Company, Appellant.

*Declarations of a former owner of real estate as to the value thereof.*

An owner of real estate is not bound by the declarations of his predecessor in title in respect to the value of the premises of which he is the owner.

Appeal by the defendant, The Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of June, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Julien T. Davies* and *R. L. Maynard*, for the appellant.

*H. G. Atwater* and *C. L. Pashley*, for the respondent.

Van Brunt, P. J.:

The only points which are urged as ground of error in the trial below are questions relating to the admission and exclusion of evidence, and to the failure to compel the plaintiff to elect the theory upon which the action was to be tried.

It was sought to prove upon the question of value that the former owner of the property had placed the same in the hands of a broker for sale and had fixed a price which he was willing to take. This evidence was objected to and excluded and an exception taken. There was clearly no error in this ruling, because the plaintiff was not bound by the declaration of her predecessor in title in respect to the value of the premises of which she was the owner.

It is also urged that the court erred in the admission of certain evidence presented by the plaintiff. This was a judgment roll in an action in which this defendant was not a party, showing the sale of premises on First street in the vicinity of the property in suit. In consequence of the meagreness of the record it is impossible for us to say whether it was or was not error to admit this testimony. It does not appear under what circumstances this sale took place — whether it was at public auction or by private contract, or whether under the decree of the court or not. It is impossible, therefore, for us to say whether or not it was error to admit this record for the purpose of establishing what was paid for the property then in question.

The judgment should be affirmed, with costs.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs.